AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 1

# UNITED STATES DISTRICT COURT

**Southern** District of **Ohio**

UNITED STATES OF AMERICA
V.
Steve Rauch, Inc.

**JUDGMENT IN A CRIMINAL CASE**
(For Organizational Defendants)

CASE NUMBER: 3:20-cr-127-01

Chad Ziepfel / Ralph Kohnen
Defendant Organization's Attorney

## THE DEFENDANT ORGANIZATION:

☑ pleaded guilty to count(s)   Count 1 of the Information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1349 | Conspiracy to Commit Mail Fraud | 8/31/2014 | 1 |

The defendant organization is sentenced as provided in pages 2 through **5** of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.: **31-0895773**

Defendant Organization's Principal Business Address:

1550 Soldiers Home West Carrolton Road
Dayton, OH 45417
937-263-2676

2/18/2021
Date of Imposition of Judgment

_/s/ Thomas M. Rose_
Signature of Judge

Thomas M. Rose — District Judge
Name of Judge — Title of Judge

2/18/2021
Date

Defendant Organization's Mailing Address:

1550 Soldiers Home West Carrolton Road
Dayton, OH 45417
937-263-2676

AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 3 — Criminal Monetary Penalties

DEFENDANT ORGANIZATION: Steve Rauch, Inc.
CASE NUMBER: 3:20-cr-127-01

Judgment — Page 2 of 5

## CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 15,000.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245E  (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
    Sheet 4 — Schedule of Payments

DEFENDANT ORGANIZATION: Steve Rauch, Inc.
CASE NUMBER: 3:20-cr-127-01

Judgment — Page 3 of 5

## SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑ Lump sum payment of $ 15,400.00 due immediately, balance due

   ☐ not later than _____, or
   ☑ in accordance with  ☐ C or  ☑ D below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C or  ☐ D below); or

C  ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☑ Special instructions regarding the payment of criminal monetary penalties:

   Fine to be satisfied within 90 days of sentencing.

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☐ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Attachment — Statement of Reasons

DEFENDANT ORGANIZATION: Steve Rauch, Inc.
CASE NUMBER: 3:20-cr-127-01

Judgment — Page 4 of 5

## STATEMENT OF REASONS

☑ The court adopts the presentence report and guideline applications **WITHOUT CHANGE**.

**OR**

☐ The court adopts the presentence report guideline applications **BUT WITH THESE CHANGES**:

**Guideline Range Determined by the Court:**

☐ The defendant organization is a criminal purpose organization pursuant to U.S.S.G. §8C1.1.

**OR**

☐ The calculation of the guideline fine range is unnecessary because the defendant organization cannot pay restitution pursuant to U.S.S.G. §8C2.2(a).

**OR**

Total Offense Level: 7
Base Fine: $7,500.00
Total Culpability Score: 5
Fine Range: $ 7,500.00 to $ 15,000.00

☐ Disgorgement amount of $ _____ is added to fine pursuant to U.S.S.G. §8C2.9.

☐ Fine offset amount of $ _____ is subtracted from fine pursuant to U.S.S.G. §8C3.4.

☐ Fine waived or below the guideline range because of inability to pay pursuant to U.S.S.G. §8C.3.3.

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution: $ 0.00

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

☑ Restitution is not ordered for other reasons:

No loss as a result of this offense.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c) for the following reason(s):

AO 245E   (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
         Attachment A — Statement of Reasons

DEFENDANT ORGANIZATION: Steve Rauch, Inc.            Judgment — Page   5   of   5
CASE NUMBER: 3:20-cr-127-01

## STATEMENT OF REASONS

☐ The sentence is within the guideline range and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☑ The sentence departs from the guideline range:

　　☐ upon motion of the government, as a result of a defendant's substantial assistance, or

　　☑ for the following specific reason(s):

History and characteristics of the Defendant, having no history of misconduct, having been heavily involved in the Dayton community, to include making charitable contributions to several organizations in that same area, and having taken steps to prevent future misconduct by hiring a company to provide ethics training to management and laborers.